UNITED STATES of America,
Appellant,

v.

Alfred B. DIGGS.

No. 77–1391.

United States Court of Appeals,
Third Circuit.

Submitted Dec. 1, 1977.

Decided Dec. 30, 1977.

S. John Cottone, U. S. Atty., Sal D. M. Cognetti, Jr., Asst. U. S. Atty., Scranton, Pa., for appellant.

Nathan H. Waters, Jr., Harrisburg, Pa., for appellee.

Before GIBBONS, and VAN DUSEN, Circuit Judges, and GERRY,* District Judge.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

The government appeals pursuant to 18 U.S.C. § 3731 from the grant of defendant Diggs's motion to suppress certain evidence. This is the second time that the admissibility of the evidence has been before this court. The first appeal resulted in a remand to the district court for an answer to the question whether, when agents of the Federal Bureau of Investigation opened a locked box, they were conducting an investigatory or an inventory search. *United States v. Diggs*, 544 F.2d 116 (3rd Cir.1976). On remand the district court held an evidentiary hearing at which the agents acknowledged that they opened the box, not for inventory purposes, but as part of their investigation into a bank robbery. The district court again suppressed the evidence. We affirm that order.

The facts of the case are set forth at length in Judge Maris's opinion in the first appeal. For present purposes they may be summarized as follows: Diggs and his common-law wife, visiting the home of her aunt and uncle, the Reverend and Mrs. Andrew T. Bradley, left in their custody a locked metal box. The Bradleys, suspicious that the box contained the proceeds of a bank robbery, called the Federal Bureau of Investigation. Agents of the Bureau took possession of the box and without obtaining a search warrant opened it with a key belonging to one of them.

---

* Honorable John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation.

The district court held that the warrantless search of the box and the seizure of the currency which it contained violated the fourth amendment. The court, therefore, ordered the suppression of the currency. The appeal from the order was heard by this court sitting *en banc*. Ten judges, rather than nine, heard the appeal; Judge Maris, Senior Circuit Judge, participated because he was a member of the panel to which the case had first been assigned. Four judges, for whom Judge Maris wrote, believed that the Bradleys, as gratuitous bailees with reason to believe that the bailment would involve them in crime, had a sufficient personal interest in the box to consent both to its seizure and to the search of its interior. Judge Adams, writing for himself, argued that the search was reasonable in the totality of the circumstances. Four judges, joining in an opinion by Judge Van Dusen, believed that a warrant was necessary. Thus, five judges voted to reverse, and four to affirm.

In this situation my vote was decisive. I agreed that a gratuitous bailee of a locked box possibly containing contraband had a sufficient property interest in the box to surrender it to the authorities. Consent, in my view, justified the agents' seizure of the box. But I did not agree that a gratuitous bailee of a locked box had authority to surrender the privacy interest of the person who locked the box and retained the key. Therefore, I concluded that a warrant was required if the agents were conducting an investigatory search. If, however, they were conducting an inventory search, then a warrantless search would seem to be authorized by cases like *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Since there was no finding on the nature of the search, which according to my analysis would be determinative, I voted to remand. The judges voting to reverse joined with me in an order remanding the case for further findings.

Although I was then alone in believing that separate analyses were required with respect to the lawfulness of the agents'

possession of the locked box and the lawfulness of their invasion of privacy by opening it, the distinction which I drew has recently been drawn by the Supreme Court. In *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), federal narcotics agents arrested three suspects and lawfully seized, incident to the arrest, a locked footlocker belonging to two of them. An hour and a half after the arrest, and after the footlocker had been removed to a secure federal office, it was searched without the owners' consent and without a warrant. Chief Justice Burger, writing for six other justices, noted that the question before the Court was "whether a search warrant is required before federal agents may open a locked footlocker that is properly in their possession and that they have probable cause to believe contains contraband." 433 U.S. at 7 n.3, 97 S.Ct. at 2481 n.3. The government sought to justify the warrantless search of the interior of the footlocker as incident to the lawful arrest. The Court, however, rejected this contention, recognizing that even though possession of the footlocker may have been lawful the owners' continuing expectation of privacy in its contents was protected by the fourth amendment.

In the present case, as in *Chadwick*, there were no exigent circumstances and the search of the interior was for investigatory, not inventory, purposes. Suppression was, therefore, required.

The order of the district court will be affirmed.